IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30355
(Summary Calendar)

_____

GLORIA DEAN WILLIAMS,

Petitioner-Appellant,

versus

WARDEN LOUISIANA CORRECTIONAL
INSTITUTE FOR WOMEN,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-129)
--------------------
June 1, 2000

Before POLITZ, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

We granted Petitioner-Appellant Gloria Dean Williams, Louisiana inmate # 72527, a certificate of appealability (COA) in her appeal from the district court's dismissal of her petition for habeas corpus pursuant to Rule 9(a) of the Rules Governing § 2254 petitions. The issue for which COA was granted is whether the respondent could show actual prejudice resulting from Williams's delay in bringing her claim that she was denied effective assistance of counsel because she failed to file a direct appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In focusing on Williams's delay and the merits of her ineffective assistance claim, the respondent has ignored that the State, not the petitioner, bears the burden of showing prejudice under Rule 9(a).  Walters v. Scott, 21 F.3d 683, 686 (5th Cir. 1994).   The burden is on the respondent to "(1) make a particularized showing of prejudice, (2) show that the prejudice was caused by the petitioner having filed a late petition, and (3) show that the petitioner has not acted with reasonable diligence as a matter of law."   Id. at 686-87 (original emphasis; internal footnote omitted).   Alone, the mere passage of time is never sufficient to constitute prejudice.   Id.

Unlike the successful respondents in the cases on which our respondent relies, it has here not supplied the affidavit of trial counsel or any other evidence to support its allegation that it is prejudiced by Williams's delay in bringing her ineffective assistance claim.  The respondent does not submit that counsel has no recollection of why a direct appeal was not filed; neither does it submit that it is unable to obtain counsel's affidavit.  Indeed, as recently as December 8, 1998, the respondent was able to obtain the affidavit of Williams's trial counsel pertaining to the jury selection process.  That affidavit makes no mention of Williams's claim that counsel failed to file a direct appeal.

In the absence of respondent's showing of prejudice caused by the delay, the district court's dismissal of Williams's petition under Rule 9(a) must be vacated and the case remanded for further proceedings.  The respondent will have the opportunity on remand to

2

prove prejudice.  <u>Walters</u>, 21 F.3d at 687.  If the respondent successfully shows prejudice, however, it will also have to show that Williams's delay in filing her habeas petition caused records which would have supported her claim to be lost and that Williams's delay in bringing her ineffective assistance claim was unreasonable.

VACATED and REMANDED.